**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000455
07-JUN-2012
09:32 AM**

NO. CAAP-11-0000455

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JESSE CERA, Defendant-Appellant, and
REMELITO PABLO, also known as
REYNOLD PABLO, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0456)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Jesse Cera ("Cera") appeals from the May 9, 2011 Judgment of Conviction and Sentence of the Circuit Court of the First Circuit ("Circuit Court").[1] Cera was convicted and found guilty of (1) methamphetamine trafficking in the second degree, Hawaii Revised Statutes ("HRS") 712-1240.8 (Supp. 2011); (2) promoting a dangerous drug in the third degree, HRS § 712-1243 (Supp. 2011); and (3) unlawful use of drug paraphernalia, HRS § 329-43.5(a) (2010).

On appeal, Cera raises one point of error: that the Circuit Court erred when it refused to instruct the jury to consider specific factors when weighing the trustworthiness of eyewitness identification of Cera as the perpetrator.

Upon careful review of the record and the briefs submitted by the parties, having given due consideration to the arguments advanced and the issues raised by the parties, and taking notice of the Hawai'i Supreme Court's decision in *State v. Cabagbag*, ___ P.3d ___, No. SCWC-30682, 2012 WL 1764064 (Haw.

---

[1] The Honorable Karen S.S. Ahn presided.

May 17, 2012), we resolve Cera's point of error as follows:

*State v. Cabagbag* is directly on point. *Cabagbag* stated a new rule: "in criminal cases, the circuit courts must give the jury a specific eyewitness identification instruction whenever identification evidence is a central issue in the case, and it is requested by the defendant[.]" 2012 WL 1764064, at *1. Noting, however, that this holding "mark[ed] a departure from the prior approach" in Hawai'i, the Supreme Court held that "as to the instant case *and other cases that are currently pending on direct appeal*, this court will apply the rule then in effect when the cases were tried." *Id.* at *12, 14 (emphasis added).

Here, Cera's case was pending on direct appeal as of May 17, 2012, the date the Supreme Court issued its opinion in *Cabagbag*. Thus, we apply the law as it existed when the case was tried.

Under the law prior to *Cabagbag*, "the decision to give a special instruction on eyewitness identification rested within the sound discretion of the trial court." *Id.* at *12. When determining whether the Circuit Court abused its discretion, "we must examine all aspects of the trial, including the opening statements, the cross-examination of prosecution witnesses, the arguments to the jury, and the general instruction given by the court, to determine whether the jury's attention was adequately drawn to the identification evidence." *Id.* at *14 (quoting *State v. Okumura*, 78 Hawai'i 383, 405, 894 P.2d 80, 102 (1995), *abrogated prospectively by Cabagbag*).

Here, the trial record is replete with questioning of witnesses and statements made during the opening and closing arguments challenging or calling into question the trustworthiness of the eyewitness-identification evidence. Furthermore, the Circuit Court's general jury instructions correctly and thoroughly instructed the jurors on applicable burdens of proof and their right to credit or discredit witness testimony. Thus, the Circuit Court did not abuse its discretion in refusing to specifically instruct the jury on factors to consider when examining the trustworthiness of an eyewitness identification because "the jury's attention was adequately drawn

to the identification evidence." *Id.* at \*14 (quoting *Okumura*, 78 Hawaiʻi at 405, 894 P.2d at 102).

Therefore, IT IS HEREBY ORDERED that the Circuit Court's May 9, 2011 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawaiʻi, June 7, 2012.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge